Filed 4/19/21  P. v. Swinger CA1/2
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN SWINGER,<br><br>        Defendant and Appellant. | A160877<br><br>(Del Norte County<br>Super. Ct. No. CRF 199604) |

Defendant John Swinger pleaded guilty to voluntary manslaughter and was sentenced to 11 years in state prison.  On appeal, his appointed counsel has filed an opening brief asking this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436.  Defendant was apprised of his right to file a supplemental brief, but he did not do so. We have conducted our examination, conclude there are no arguable issues, and affirm.

### FACTUAL BACKGROUND

Because defendant entered into a negotiated plea agreement prior to trial, we derive the background facts from the preliminary hearing transcript, which reveals the following:

On the morning of October 26, 2019, Del Norte County Deputy Sheriff Travis Jolley responded to a medical call at a residence in Crescent City.  On

1

the property was a trailer that was being used as a residence. When he arrived, emergency medical workers were already there, providing aid to defendant who was inside the trailer. Defendant had blood coming from his neck area. A zip-tie that had been around his neck had been removed.

On a couch in the trailer, there was a deceased man under a blanket. He had eight stab wounds on his neck and torso and two defensive stab wounds on his right forearm and hand. Two knives, both with blood on them, were found in the trailer: a larger one that was next to the victim and a smaller one that was near defendant. There was an empty whiskey bottle on a table between defendant and the victim and a half-empty whiskey bottle near defendant's foot.

The victim's father lived in a larger trailer on the property. He told the police that his son lived in the other trailer and that defendant had been staying with him.

Defendant was taken via ambulance to the local hospital. En route, he told a paramedic that he and the victim had been fighting. When defendant was interviewed by a law enforcement officer while at the hospital, he told the officer that he and the victim had been drinking and that the victim stabbed him and then dropped the knife and said he was done, but defendant told him, "I'm not done with you. You stabbed me. I'm stabbing you," and he stabbed him back. Defendant said he put the zip-tie around his neck to try to control the bleeding.

Defendant underwent surgery for his neck injury. He had no other injuries such as defensive wounds. Upon his discharge from the hospital, he was arrested.

## PROCEDURAL BACKGROUND

On October 30, 2019, defendant was charged with one count of murder (Pen. Code, § 187, subd. (a)), with three enhancements: use of a deadly weapon (*id.*, § 12022, subd. (b)(1)), a prior serious felony conviction (*id.*, §§ 422, 667, subd. (a)(1)), and a prior serious or violent felony conviction (*id.*, § 11701.12, subd. (c)(1)).

Following a May 7, 2020 preliminary hearing, defendant was held to answer on the murder charge. An information charging him with murder with the same three enhancements was filed on May 15.

On May 21, defendant pleaded guilty to an amended charge of voluntary manslaughter with dismissal of the enhancement allegations. It was an open plea, with a sentencing range of three, six, or 11 years.

On August 17, defendant was sentenced to the aggravated term of 11 years in state prison, with the imposition of various fees and fines. The fines were later stayed.

Defendant filed a timely notice of appeal.

## DISCUSSION

Where, as here, a defendant has pleaded guilty or no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea and the sentence; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895–896.)

The admonitions given defendant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his waiver was knowing and voluntary.

The record provides a factual basis for the plea.

3

Defendant was at all times represented by competent counsel who protected his rights and interests.

The sentence imposed is authorized by law.

## DISPOSITION

Our independent review having revealed no arguable issues that require further briefing, the judgment of conviction and sentence are affirmed.

4

_____
Richman, Acting P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.


*People v. Swinger* (A160877)

5